SUCESIÓN GARRIGA ET AL., PETICIONARIOS, *v.* SEPÚLVEDA, JUEZ
DE DISTRITO, DEMANDADO, Y MARRERO, INTERVENTOR.

SOLICITUD para que se expida un auto de *certiorari* al Juez de
la Corte de Distrito de Ponce en pleito sobre cobro de
dinero.

No. 202.—Resuelto en diciembre 18, 1917.

APELACIONES PROCEDENTES DE LAS CORTES MUNICIPALES—INCLUSIÓN EN EL CA-
LENDARIO—SEÑALAMIENTO PARA VISTA—CUESTIONES DE HECHO.—Es el deber
de las cortes de distrito, conforme a la sección 3ª de la Ley de 11 de marzo
de 1908, al serle elevada una apelación procedente de una corte municipal,
anotar el caso en el calendario y llamarlo a vista, sin que pueda la corte
dictar sentencia a favor del demandante apelado a virtud de moción de

éste fundada en que al demandado y apelante le había sido anotada la rebeldía en la corte municipal y que no había ninguna cuestión de hecho ante la corte. La práctica seguida en California, que sólo permite sean revisadas las cuestiones de hecho, no tiene concordancia con los preceptos de la ley de Puerto Rico.

ID.—EXCEPCIONES PREVIAS A LA DEMANDA—CONTESTACIÓN, TIEMPO PARA PRESENTARLA.—Un demandado-apelante tiene derecho de solicitar que una excepción previa a la demanda, presentada en la corte municipal, sea considerada "al anunciarse la vista de la apelación," y también la corte puede concederle más tiempo para contestar, ya inmediatamente o más tarde, como más se atenga al espíritu del Código de Enjuiciamiento Civil y especialmente de su sección 36.

Los hechos están expresados en la opinión.

Abogados del peticionario: *Sres. Parra & Pérez Marchand.*

El juez demandado no compareció.

Abogado del interventor: *Sr. Carlos Brunet.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Los peticionarios fueron demandados en la Corte Municipal de Juana Díaz y excepcionaron la demanda. La excepción fué desestimada y se concedió un término a los peticionarios, como demandados en el caso, para contestar. No hicieron alegación alguna dentro del término concedido, y el secretario de la corte municipal anotó la rebeldía. La corte municipal entonces, y por virtud de la rebeldía, dictó sentencia en contra de los peticionarios. De esta sentencia apelaron los peticionarios para ante la Corte de Distrito de Ponce, y el pleito fué radicado en 18 de abril de 1917. El 13 de junio de 1917 el demandante, entonces apelado, compareció ante la corte y solicitó sentencia basándose en que la rebeldía de los demandados había sido anotada en la corte municipal; que los demandados nada hicieron para levantar la rebeldía y que no contestaron; que no había ninguna cuestión de hecho ante la corte de distrito y que la apelación era únicamente dilatoria. Posteriormente, previa la celebración de la vista, la Corte de Distrito de Ponce dictó, el 26 de julio de 1917, sentencia a favor del demandante y apelado.

La Ley de marzo 11, 1908, leyes de 1908, página 124, reglamentando las apelaciones, después de las dos secciones en

que determina la forma de presentar y radicar las apelaciones, provee en su 3ª. sección lo que sigue:

"Sección 3.—La corte de distrito anotará la causa en el calendario o lista de señalamientos de pleitos civiles que hayan de verse oportunamente, conforme a las disposiciones de la ley y al reglamento judicial para el régimen del calendario. Al anunciarse la vista de la apelación el tribunal, a instancia del apelante, revisará y tomará en consideración cualesquiera providencias, resoluciones o autos por los cuales se creyere aquél perjudicado. Resueltas que fueren estas cuestiones, se procederá a la vista de la causa, a menos que la corte estimare que la demanda o contestación está sujeta a excepción previa, y en tal caso, la corte, a su arbitrio, podrá permitir que se enmiende dicha demanda o contestación. Una vez dispuesto el pleito para la vista, se tramitará como nuevo juicio, rigiendo para el mismo todas las disposiciones y reglamentos judiciales que afecten a la vista de pleitos originalmente entablados ante las cortes de distrito. Si el demandante dejare de comparecer ante la corte de distrito, ésta desestimará la demanda por abandono de acción, y dictará sentencia a favor del demandado, imponiendo las costas al demandante."

Esa sección, a nuestro parecer, es mandatoria. El interventor se apoya en la práctica corriente en California, pero la ley de dicho Estado, que sepamos, no es igual a la nuestra. Es el deber de la corte de distrito incluir la causa en el calendario, y entonces llamar la apelación para juicio. Encontramos en la ley algo así como una presunción de que el demandado ha contestado, pero en cualquier caso es deber de la corte el llamar a juicio la apelación. Ahora bien, si cuando la apelación es llamada no se ha presentado aún la contestación, la corte puede quizás conceder más tiempo al demandado para contestar, ya inmediatamente o más tarde, como más se atenga al espíritu del código de enjuiciamiento civil y especialmente de su sección 36. En este caso, sin embargo, se radicó una excepción en la corte municipal, y bajo las palabras de la ley los demandados y apelantes tenían el derecho de solicitar que dicha excepción fuera considerada "al anunciarse la vista de la apelación." El interventor insiste en que no había ninguna controversia de hecho, pero

existe una cuestión legal. Si los peticionarios, demandados en la corte municipal, estaban convencidos de que su excepción era procedente, quizás la manera más rápida de levantar la cuestión ante la Corte de Distrito fué la que ellos usaron. La práctica de California que sólo permite sean revisadas las cuestiones de hecho, no tiene concordancia en los preceptos de nuestra ley. Creemos que en todos los casos la apelación debe ser llamada a juicio y que la corte debe decidir qué otros pasos son necesarios.

La sentencia de 26 de julio, 1917, debe ser anulada y el caso anotado en el calendario en la forma que la ley dispone.

> *Con lugar la solicitud y anulada la sentencia de la corte inferior.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

El Juez Presidente Sr. Hernández y el Asociado Sr. Aldrey no intervinieron.